UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


BRENDON ALLEN WALKER,

             Petitioner,                    Case No. 2:06-cv-181

v.                                    HON. R. ALLAN EDGAR

BARRY DAVIS,

             Respondent.

_____/


## REPORT AND RECOMMENDATION

      Petitioner Brendon Allen Walker filed this petition for writ of habeas corpus challenging the validity of his state court conviction for conspiracy to commit first-degree home invasion and aiding and abetting an assault with intent to commit criminal sexual conduct involving penetration.  Petitioner was convicted after a jury trial and was sentenced to concurrent prison terms of 106 months to 30 years imprisonment.

      Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raised the following issue in his petition:

I.  Was the defendant denied the effective assistance of counsel by his attorney's failure to move to suppress his statements on the basis that the corpus delicti of the crime of conspiracy to commit home invasion in the first degree had not been shown by evidence independent of those statements.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state

- 2 -

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable." *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner's claim was rejected by the Michigan Court of Appeals.  The Michigan Court of Appeals explained:

> Defendant argues that he received ineffective assistance of counsel because his attorney did not move to suppress his statements to the police.  He asserts that they should have been suppressed under the

corpus delicti rule because, absent the statements, the evidence was insufficient to support a conviction for conspiracy to commit home invasion.  We do not agree.

In *People v Williams*, 422 Mich 381, 391; 373 NW2d 567 (1985), the Supreme Court held that it is not necessary that the prosecution present independent evidence of every element of the offense before a defendant's confession may be admitted.  In *People v Ish*, 252 Mich App 115, 116-117; 652 NW2d 257 (2002), this Court noted that prior opinions to the contrary had not acknowledged *Williams*, see *People v Mumford*, 171 Mich App 514, 430 NW2d 770 (1998), and *People v Uhl*, 169 Mich App 217; 425 NW2d 519 (1988).  Further, the *Ish* Court stated:

> The purpose of the corpus delicti rule is to prevent the use of a defendant's confession to convict him of a crime that did not occur.  *People v Konrad*, 449 Mich 263, 269; 536 NW2d 517 (1995).  The rule bars the prosecution from using a defendant's confession in any criminal case unless it presents direct or circumstantial evidence independent of the defendant's confession that the specific injury or loss occurred and that some criminal agency was the source or cause of the injury.  449 Mich at 269-270; *People v Hayden*, 205 Mich App 412, 413; 522 NW2d 336 (1994); *People v Cotton*, 191 Mich App 377, 389; 478 NW2d 681 (1991).  Once this showing has been made, "[a] defendant's confession then may be used to elevate the crime to one of a higher degree or to establish aggravating circumstances."  *Id*.

There was evidence independent of defendant's confessions to establish a specific injury caused by some criminal agency.  First-degree home invasion occurs when a person enters an occupied dwelling with the intent to commit a felony.  MCL 750.110a(2).  Conspiracy occurs when two persons agree together to commit an offense. MCL 750.157a. Independent of defendant's confession, the evidence established that defendant and his passenger appeared at the victim's home at approximately 6:00 a.m., when one might expect to find her in bed.  They had acquired and were wearing ski masks.  The passenger made sexual comments to the victim, and defendant said "it must be nice to be rich."  While the passenger was holding the victim and pulling her to the car, defendant said that they had to get inside and he tried to open the door.  After the passenger broke a glass on the victim's head, defendant said he did not want to go that

"far," indicating he was intending to do something less drastic.  The evidence sufficiently established an agreement to commit first-degree home invasion by entering the victim's home with the intent to commit a sexual assault or a larceny.

Accordingly, the confessions were admissible, and the failure to seek their suppression was not ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984).  Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial.  The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993).  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*)*, cert. denied*, 113 S. Ct. 2969 (1993).  Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996).  In the opinion of the undersigned, petitioner has not established that he received ineffective assistance of counsel.  The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Accordingly, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Petitioner cannot establish that he was denied effective assistance of counsel.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 3, 2008